**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TRACFONE WIRELESS, INC.,**
                **Plaintiff,**

**-vs-**                                          **Case No. 6:06-cv-1257-Orl-18JGG**

**CLINTON RIEDEMAN, d/b/a Larry's Cell,**
**LAWRENCE RIEDEMAN, d/b/a Larry's**
**Cell,**
**ROBIN KETCHAM, d/b/a Larry's Cell,**
                **Defendants.**

## **ORDER**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL WAL-MART STORES, INC. TO COMPLY WITH SUBPOENA DUCES TECUM (Doc. No. 29)** |
| **FILED:** | **January 5, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff Tracfone Wireless, Inc. alleges that Defendants, without prior authorization from Plaintiff, made bulk purchases of prepaid wireless telephones provided by Plaintiff; removed from the telephones software that Plaintiff installed (to enable use of the telephones on Plaintiff's network); and sold the telephones for use on other wireless carriers' networks. Docket No. 1 at 1 - 3. Plaintiff claims that Defendants purchased the telephones from retailers, including Wal-Mart Stores, Inc., and also recruited other individuals (non-parties) by e-mail to buy these telephones in bulk. *Id.* at 2.

Plaintiff filed its complaint in this action on August 23, 2006, seeking injunctive relief and to hold Defendants liable for damages due to alleged copyright and trademark infringement. *Id.*

The Clerk has entered default against all three Defendants on September 18, 2006. Docket Nos. 12. After entry of default, Defendant Robin Ketchem appeared in this action (through counsel), and successfully moved to set aside the default. Docket Nos. 14, 27. Counsel for Plaintiff and Ketchem met in person on November 13, 2006 to prepare a Case Management Report, and filed the report on November 16, 2006. Docket No. 20. The district court entered the Case Management Scheduling Order in this case on November 17, 2006. Ketchem then again failed to timely answer or otherwise respond to Plaintiff's complaint, and the Clerk entered default on January 8, 2007. Docket No. 28, 30.

Prior to the entry of default against Ketchem, Plaintiff filed the motion to compel now pending before the Court. Docket No. 29. In the motion, Plaintiff seeks to compel non-party Wal-Mart Stores, Inc. ["Wal-Mart"] to comply with a subpoena duces tecum which Plaintiff served on Wal-Mart on November 20, 2006.[1] *Id.* at 2. The subpoena requests that Wal-Mart produce:

> Any and all records, printouts or summaries that identify by name, address, telephone number, or any identifying information, all Sam's Club members or other Sam's Club customers who have made one or more "bulk purchase" of TracFone prepaid cellular handsets within the last twenty-four months at any Sam's Club location in the United States. "Bulk purchases" refers to the purchase of three or more prepaid cellular phone handsets at one time.

Docket No. 29-2 at 3. Non-party Sam's Club is a Wal-Mart subsidiary. Docket No. 29 at 2; *see also* Docket No. 29-3 at 2. The subpoena, issued by the United States District Court for the Middle District

---

[1] Wal-Mart apparently agreed to accept service of process of the subpoena by e-mail. Docket No. 29 at 2, n.2; *see also* Docket No. 29-2 at 5.

of Florida, is directed to Susan E. Schell, Assistant General Counsel, Litigation Division of Wal-Mart's Legal Department in Bentonville, Arkansas; and commands Schell to produce and permit inspection of the documents at Carlton Fields, P.A. (the law firm of Plaintiff's counsel) in Miami, Florida by December 6, 2006 at 10:00 a.m. Docket No. 29-2 at 2. The subpoena permits mailing of the records to the Miami address in lieu of personal appearance. *Id.* On December 5, 2006, Schell faxed a letter to Plaintiff's counsel in which she states:

> Pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, Wal-Mart respectfully objects to the production of the documents requested. As I explained to you . . ., your request unjustifiably invades the privacy interest of Sam's Club members. If you would like to discuss this matter further, in hopes that we can avoid court intervention, I would be happy to do so.

Docket No. 29-3 at 2.

Plaintiff filed its motion to compel and certified service of the motion by mail upon Schell on January 5, 2007. Docket No. 29 at 6. Plaintiff also includes a certificate pursuant to Local Rule 3.01(g) in which it states the Plaintiff's counsel conferred with Wal-Mart's counsel in a good faith effort to resolve the motion, but Wal-Mart's counsel "has acknowledged that Wal-Mart will produce the information sought in the subpoena if ordered to do so by the Court, and agrees to the relief requested in this motion." *Id.* at 3. Plaintiff further states that it "has filed this motion in accordance with Wal-Mart's request." *Id.*

In the motion, Plaintiff argues that the documents and information requested are not privileged and are directly relevant to the case. *Id.* at 3 - 4. Also, Plaintiff states that it is currently preparing a motion for entry of default judgment against the Defendants, and that it is gathering evidence to

submit to the Court in support of default judgment. *Id.* at 2. Wal-Mart has not filed a memorandum in opposition to the motion.

Federal Rule of Civil Procedure 45(a) provides that a subpoena commanding attendance at a deposition "must issue" from the court where the deposition will be taken. Fed. R. Civ. P. 45(a)(2)(B). A subpoena for production and inspection of documents, if separate from a subpoena commanding a person's attendance, must be issued by the court for the district where the production or inspection is to be made. Fed. R. Civ. P. 45(a)(2)(C). On motion, the court that issued the subpoena may quash or modify the subpoena if it failed to allow reasonable time for compliance; required a non-party to travel to a place more than 100 miles from the place where the non-party resides; requires disclosure of privileged or otherwise protected material; or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv). A party (after providing reasonable notice to all parties and relevant non-parties) may apply for an order compelling discovery, but the "application for an order to a person who is not a party shall be made to the court in the district where the discovery is being, or is to be, taken." Fed. R. Civ. P. 37(a)(1).

Plaintiff's subpoena is procedurally deficient. The subpoena is issued by the United States District Court for the Middle District of Florida, but it directs counsel in *Bentonville, Arkansas* to produce documents in *Miami, Florida*. Neither Bentonville nor Miami are located in the Middle District of Florida. The motion is therefore denied for failure to comply with Federal Rules of Civil Procedure 37(a)(1) and 45(a)(2). Next, even assuming Plaintiff's subpoena and motion were procedurally adequate, Plaintiff's request is overbroad and places undue burden on non-party Wal-Mart. Despite its statement that it made a good faith attempt to confer with Wal-Mart, Plaintiff

documents no attempts to narrow or focus its sweeping request for documents.  It is **THEREFORE ORDERED** that Plaintiff's Motion to Compel [Docket No. 29] is **DENIED**.

    **DONE** and **ORDERED** in Orlando, Florida on January 23, 2007.

                              JAMES G. GLAZEBROOK
                              UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties