UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TRACFONE WIRELESS, INC.,

    Plaintiff,

vs.                              CASE NO.: 6:06-CV-01257-ORL-18-UAM

CLINTON RIEDEMAN d/b/a LARRY'S CELL,
LAWRENCE RIEDEMAN d/b/a LARRY'S CELL,
RIEDCOR, INC. d/b/a LARRY'S CELL, and
ROBIN KETCHAM d/b/a LARRY'S CELL,

    Defendants.
_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION
## AGAINST DEFENDANT ROBIN KETCHAM

Plaintiff, TracFone Wireless, Inc. ("TracFone"), brought the above-captioned lawsuit against, among others, Defendant Robin Ketcham d/b/a Larry's Cell, ("Defendant"), alleging that Defendant was engaged in an unlawful enterprise involving the acquisition, sale and alteration of large quantities of TracFone and TracFone's NET10 branded prepaid wireless telephones ("TracFone/NET10 Prepaid Phones" or "Phones") purchased from various retail outlets such as Wal-Mart, Target and Sam's Club, the solicitation and payment of others to bulk purchase TracFone/NET10 Prepaid Phones for Defendant's benefit, computer hacking and erasing or otherwise disabling the prepaid software ("TracFone/NET10 Prepaid Software") installed in the Phones essential for consumers to access TracFone's prepaid wireless network, or reselling the Phones to others who disable the software, and ultimately selling the altered Phones as new under TracFone's trademarks for the unauthorized use outside of the TracFone prepaid wireless system for profit (the "Bulk Resale Scheme").

12518718.1

As a result of Defendant's involvement in the Bulk Resale Scheme, TracFone asserted claims against the Defendant for Defendant's violation the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq.*, Lanham Act, 15 U.S.C. § 1051 *et seq.*, Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.*, and Florida's anti-dilution statute, Fla. Stat. § 495.151, and Defendant's tortious interference with TracFone's business relationships and prospective advantages. On September 7, 2007, the Clerk of Court entered a default against Defendant and Defendant has failed to file a responsive pleading in this lawsuit to date. Accordingly, it is hereby,

**ORDERED, ADJUDGED and DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's complaint.

2. The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone and Incontestable United States Trademark Registration No. 2,71,017, issued September 9, 2003, for TracFone (the "TracFone Trademarks"). The TracFone Trademarks are valid, incontestable, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone. TracFone also holds a valid copyright on the TracFone Prepaid Software

3. The Court finds that the Defendant has violated the following statutes: 17 U.S.C. § 1201 (circumvention of technological measures that control access to proprietary software under the DMCA and trafficking in services that circumvent technological measures protecting copyrighted software), 15 U.S.C. § 1114 (trademark infringement), 15 U.S.C. § 1125 (unfair competition), Fla. Stat. §§ 501.204 and 501.211 (unfair competition and deceptive trade practices

and false advertising) and Fla. Stat. § 495.151 (injury to business reputation and dilution of trademarks). The Court further finds that Defendant's conduct constitutes tortuous interference with TracFone's advantageous business relationships and prospective advantages and has caused substantial and irreparable harm to TracFone, and will continue to cause substantial and irreparable harm to TracFone unless enjoined.

4.  On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve the Defendant of liability for her violations of the DMCA as alleged in Counts I through III of TracFone's complaint, because the Defendant's conduct as alleged in this case does not come within the scope of the new exemption. The Defendant's purchase and resale of the TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

5.  TracFone has suffered damages, including loss of goodwill and damage to its reputation, as a result of the Defendant's conduct. TracFone is entitled to injunctive relief and damages on the claims set forth in the complaint.

12518718.1

6. Final judgment is hereby entered against the Defendant, Robin Ketcham, and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims set forth in TracFone's complaint.

7. Pursuant to 17 U.S.C. 1203(c)(3)(A), TracFone is entitled to recover statutory damages "of not less than $200 or more than $2,500" for each TracFone/NET10 Prepaid Phone Defendant altered, or sold as part of a conspiracy to alter, in furtherance of the Bulk Resale Scheme for Defendant's violation of the DMCA. The Court finds Defendant altered, or sold as part of a conspiracy to alter, five thousand one hundred and four (5,104) TracFone/NET10 Prepaid Phones in furtherance of the Bulk Resale Scheme. Final Judgment is therefore entered against Defendant, Robin Ketcham, and in favor of TracFone Wireless, Inc. in the principal amount of $ _1,020,800.00_, which shall bear interest at the legal rate, for which let execution issue.

8. TracFone is also entitled to recover its costs and reasonable attorneys' fees incurred in bringing this action as a prevailing party pursuant to 17 U.S.C. 1203(b)(4)-(5) and Fla. Stat. § 501.2105(1). Should TracFone decide to pursue recovery of its reasonable attorneys' fees and costs, TracFone shall submit proof thereof within ten days of the date of this Order.

9. Defendant, Robin Ketcham, and each and all of her representatives, agents, employees, independent contractors, relatives, associates, servants and any and all persons and entities in active concert and participation with them who receive notice of this order shall be and hereby are PERMANENTLY ENJOINED from:

    a. purchasing and/or selling any wireless mobile phone that they know or should know bears any TracFone Trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by

TracFone ("TracFone/NET10 Handsets"). Specifically, the Defendant is enjoined from purchasing and/or selling all models of TracFone/NET10 Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's and NET10's websites, http://tracfone.com/activation_pick_brand.jsp and www.net10.com, including without limitation the following TracFone/NET10 handsets:

| | | |
|---|---|---|
| Motorola W370 | Nokia 2126 | LG 3280 |
| Motorola C261 | Nokia 2126i | LG CG225 |
| Motorola C139 | Nokia 2600 | LG 1500 |
| Motorola V176 | Nokia 1100 | |
| Motorola V170 | Nokia 1112 | |
| Motorola V171 | Nokia 1600 | |
| Motorola C155 | Nokia 2285 | |
| Motorola C343 | | |

b. reflashing and/or unlocking of any TracFone/NET10 Handset;

c. accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone/NET10 Handsets;

d. facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in reflashing and/or unlocking TracFone/NET10 Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone/NET10 Handsets;

e. facilitating or in any way assisting other persons or entities who Defendant knows or should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying and/or selling of unlocked TracFone/NET10 Handsets; and

5

12518718.1

  f. knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

10. The last known address of Defendant Robin Ketcham is 1721 Shady Leaf Drive, Valrico, FL 33594.

11. The address of Plaintiff, TracFone Wireless, Inc. is 9700 N.W. 112th Avenue, Miami, Florida 33178.

12. The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless, Inc. in an amount of not less than $5,000 for each TracFone/NET10 Handset that Defendant is found to have purchased, sold, or unlocked in violation of this injunction.

13. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

DONE AND ORDERED in Orlando, Florida, this ___ day of _____, 200_.

_____
The Honorable G. Kendall Sharp
United States District Judge

Copies furnished to:

James B. Baldinger, *Counsel for TracFone Wireless*
Jeffrey Blau, *Counsel for Defendant Robin Ketcham*
Frank Killgore, Jr., *Counsel for Defendants Clinton Riedeman, Lawrence Riedeman and Riedecor, Inc.*

12518718.1